McKENNA, Appellant, vs. RICKEY and another, Respondents.

*December 11, 1913—January 13, 1914.*

*Garnishment: Banks and banking: Deposits: Special fund not constituting a debt.*

> By an agreement between a bank and S. and R., S. signed R.'s note for $1,500 and placed it with the bank as security; the bank was to honor R.'s check for cattle bought on the following day not exceeding $1,500; R. was to ship the cattle to Chicago, sell them, and deposit the proceeds there to the credit of the bank; and the note was to be used only to indemnify the bank against loss in case the proceeds of such sales did not equal the advances. *Held,* that although for convenience the note was in form discounted and the $1,500 entered on the books of the bank to R.'s credit, his checks thereon could be honored only for the special purpose stated and there was no indebtedness to him which could be garnished by his creditors.

APPEAL from a judgment of the circuit court for La Fayette county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

The plaintiff sued one *Rickey* upon a promissory note and garnished the respondent bank. Having obtained judgment in the principal action, the garnishment action was tried by the court. It is admitted that at the time the garnishee summons was served there was a general credit to *Rickey* on the books of the bank of $1,372.48, and the question litigated was whether that sum represented an indebtedness of the bank to *Rickey,* as in the case of an ordinary deposit, or whether it was a special fund placed in the bank by one Smith in trust for the purpose of assisting *Rickey* in the purchase of stock.

The court made findings of fact and concluded therefrom that the bank was not indebted to *Rickey* at the time the garnishment proceedings were instituted and dismissed the proceedings, from which judgment the plaintiff appeals.

For the appellant there was a brief by *M. J. Cleary* and *Fiedler & Fiedler,* and oral argument by *E. C. Fiedler.*

For the respondents there was a brief by *Orton & Osborn,* and oral argument by *C. F. Osborn.*

WINSLOW, C. J.  The circuit court found in substance that it was agreed between the bank and *Rickey* and Smith that if Smith would sign *Rickey's* note for $1,500 and place it with the bank as security the bank would honor *Rickey's* checks or orders for cattle bought on the following day not exceeding $1,500, it being also agreed that *Rickey* should at once ship the cattle to Chicago, sell them, and deposit the proceeds in a Chicago bank to the credit of the defendant bank, the note to be used only to indemnify the bank against loss on its advances in case the proceeds of the sale of the cattle were insufficient to reimburse the bank for its advances.

There was ample evidence to support these findings.  The arrangement was not a usual one, perhaps, but we see no ground upon which it can or ought to be condemned if entered into in good faith, with simply an honest intent to protect the bank from loss in making the proposed advances to *Rickey.*  There does not appear to be any ground upon which the good faith of the parties can be successfully challenged here.  It is quite plain that under this arrangement the bank never became indebted to *Rickey* in any sum.  The formal discounting of the note and the entry of the $1,500 on the books to *Rickey's* credit were simply bookkeeping entries made for convenience in disbursing the moneys which the bank had agreed to advance; but they made no necessary change in the legal relations of the parties.  The bank was required to honor *Rickey's* checks for cattle bought on that day, but (under its arrangement with Smith) could not honor a check for any other purpose.  If it had become *Rickey's* debtor it would be obliged to honor any check. This test seems decisive.

*By the Court.*—Judgment affirmed.